UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PHILLIP BUTLER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SAINT ALPHONSUS REIGIONAL MEDICAL CENTER,<br><br>　　　　　Defendant. | Case No. 1:12-cv-00488-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendants' Motion to Dismiss (Dkt. 5). For the reasons explained below, the Court will grant the motion.

## BACKGROUND

Viewing the information in the Amended Complaint as true, which the Court must do pursuant to a 12(b)(6) motion, the facts are as follows. Phillip Butler was involved in a motor vehicle accident on or about July 1, 2012, suffering several injuries. *Pl.'s Am. Compl.,* Dkt. 4 at 2. Butler was transported to Saint Alphonsus Regional Medical Center where he received medical treatment. *Id.*

St. Alphonsus is a participating network provider of TRICARE insurance and has agreed to provide TRICARE services for a set rate of reimbursement. *Id.*

St. Alphonsus must also be a "participating provider" for all TRICARE claims. *Id.* Additionally, the participation agreement prohibits St. Alphonsus from billing a beneficiary for services covered by TRICARE. *Id.* Finally, the participation agreement requires St. Alphonsus to accept TRICARE payments as payment in full for services rendered. *Id.*

Butler is an active member of the United States military and medically insured by TRICARE. *Id.* at 1-2. St Alphonsus was provided with Butler's TRICARE insurance information, but in lieu of submitting the charges to TRICARE, St. Alphonsus filed a hospital lien against Butler's personal injury cause of action. *Id.* at 3. Butler then filed this suit against St. Alphonsus.

Butler seeks (1) a declaration that Idaho's hospital lien statute is unconstitutional, and (2) an injunction ordering St. Alphonsus to bill TRICARE and release its lien. *Id.* at 4-5. St. Alphonsus asks the Court to dismiss Butler's claim under Rule 12(b)(6). *Def.'s Mem.*, Dkt. 5 at 3-5.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does

not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. at 557.

The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  First, the court need not accept as true, legal conclusions that are couched as factual allegations. *Id*.  Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.  Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id. at 679.*  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Providing too much in the complaint may also be fatal to a plaintiff. Dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (issued 2 months after *Iqbal*).[1] The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims."

---

[1] The Court has some concern about the continued vitality of the liberal amendment policy adopted in *Harris v. Amgen*, based as it is on language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), suggesting that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim. . .."  Given *Twombly* and *Iqbal*'s rejection of the liberal pleading standards adopted by *Conley,* it is uncertain whether the language in *Harris v. Amgen* has much of a life expectancy.

MEMORANDUM DECISION AND ORDER – 4

*Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted).

## ANALYSIS

As stated above, Butler's Amended Complaint contains two requests for relief. St. Alphonsus argues that Butler's constitutional request for relief should be dismissed for failure to provide sufficient facts as required by *Iqbal* and *Twombly*. *Def.'s Mem.*, Dkt. 5-1 at 5. Specifically, St. Alphonsus argues that Butler's failure to identify the challenged hospital lien statutes or code sections does not meet the required pleading standard. *Id.* Next, St. Alphonsus contends that because Butler's second cause of action is inextricably conditioned upon his first, it too should be dismissed. *Id.* at 3. The Court will address each argument in turn below.

### I. Sufficiency of Butler's Amended Complaint

An integral purpose of the short and plain statement requirement, as required by *Twombly,* is to apprise a defendant of the grounds upon which a claim rests. *Twombly*, 550 U.S. at 555. The Court recognizes St. Alphonsus' frustration with Butler's vaguely drafted Amended Complaint. Nowhere in Butler's amended complaint does he identify the specific statute or code sections he claims are unconstitutional. As St. Alphonsus points out, there are multiple statutes contained in Idaho's hospital and nurse care lien provisions. *Def.'s Mem.*, Dkt. 5-1 at 3.

Without clarity as to which statute or code sections Butler challenges, St. Alphonsus is left to its own conjecture in preparing a defense.

However, Butler has also filed a notice with the Attorney General, as required by F.R.C.P. 5.1, wherein he cites Idaho Code sections 45-701, 702, and 704 as the basis for his constitutional claim. *Pl.'s Notice*, Dkt. 11. St. Alphonsus has received a copy of that filing. *Id.* at 2. Thus, although Butler did not specify these sections in his Amended Complaint, which would have been less confusing, his notice to the Attorney General has effectively apprised St. Alphonsus of at least some of the statutes at issue.

Nevertheless, St. Alphonsus argues that it remains unclear as to whether the identified statutes comprise all or only some of the statutes at issue. *Def.'s Reply,* Dkt. 14 at 4. Although the Court may assume that only Idaho Code sections 45-701, 702, and 704 are at issue because those are the only sections listed in the notice to the Attorney General, the Court cannot be sure. Thus, given the lack of clarity in the Amended Complaint, the Court will grant the motion to dismiss, but allow Butler an opportunity to amend. In his second amended complaint, Butler must clearly designate the code sections at issue.

## II.     Request for Injunctive Relief

Butler's second cause of action asks the Court for an injunction ordering St. Alphonsus to bill TRICARE and release its lien. *Pl.'s Mem.*, Dkt. 7 at 2.  St.

Alphonsus does not attack the merits or factual sufficiency of Butler's second claim. Rather, St. Alphonsus argues that Butler's second claim must also be dismissed because it is conditional upon his first. *Def.'s Mem.*, Dkt. 5-1 at 3.

The Court is not going to make a determination as to whether the second claim is conditional upon the first. Given the Court's decision to grant the motion on the first claim, and allow Butler to amend his complaint, such amendment should also resolve St. Alphonsus' argument as to injunctive relief.

## CONCLUSION

1. Defendant's motion to dismiss (Dkt. 5) is **GRANTED**. Butler may file a second amended complaint, clarifying the statutes at issue, on or before **December 21, 2012**.

DATED: December 11, 2012

B. Lynn Winmill
Chief Judge
United States District Court